McGREGOR W. SCOTT
United States Attorney
JOSEPH B. FRUEH
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
E-mail: joseph.frueh@usdoj.gov
Telephone: (916) 554-2702
Facsimile: (916) 554-2900

Attorneys for Defendant
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS ANGEL PEREZ,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Defendant. | Case No. 1:18-cv-01734-DAD-JLT<br><br>**STIPULATION AND PROPOSED PRIVACY ACT PROTECTIVE ORDER**<br>(Doc. 11) |

## STIPULATION AND PROPOSED PRIVACY ACT PROTECTIVE ORDER

IT IS HEREBY STIPULATED, by and between the parties and subject to Court approval, that the parties to the above-captioned action may produce, receive, and use documents, testimony, and information otherwise restricted by the Privacy Act, 5 U.S.C. § 552a, subject to the terms and conditions of the following Order issued pursuant to 5 U.S.C. § 552a(b)(11).[1]

**I.  PURPOSE OF PRIVACY ACT PROTECTIVE ORDER**

1. This case arises from a motor-vehicle accident that occurred on May 5, 2016, at the intersection of Ming Avenue and Pinon Springs Circle in Bakersfield, California. Plaintiff Nicholas Angel Perez was operating a motorcycle, and Postal City Carrier Gregory Diaz was operating a vehicle owned by the United States Postal Service ("USPS"). Because Mr. Diaz was acting in the course and scope of his federal employment at the time of the accident, Plaintiff brings this action against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–80, which waives the sovereign immunity of the United States for certain tort claims alleged against federal employees.

2. USPS possesses documents and information relevant to the parties' claims and defenses that likely are subject to the Privacy Act, 5 U.S.C. § 552a. Such documents and information concern personnel information about the USPS driver involved in the accident that gives rise to this case.

3. The parties submit that the need for disclosure of the foregoing documents and information outweighs any potential harm to nonparties, provided that appropriate safeguards are imposed and the disclosed documents and information are used solely in this litigation.

4. This Order permits the United States and USPS to produce the specified documents and information, but does not require production.

---

[1] This court-order exception confirms that the Privacy Act "cannot be used to block the normal course of court proceedings, including court-ordered discovery." *Clavir v. United States*, 84 F.R.D. 612, 614–15 (S.D.N.Y. 1979). A court may permit the disclosure of records under § 552a(b)(11) where they meet the relevance standard of Rule 26 of the Federal Rules of Civil Procedure. *See Wallman v. Tower Air, Inc.*, 189 F.R.D. 566, 569 (N.D. Cal. 1999) (finding "no basis" to infer that "actual need" is a prerequisite to permit disclosure under § 522(a)(b)(11), or that the Privacy Act "replaces the usual discovery standards of the FRCP . . . with a different and higher standard." (quoting *Laxalt v. McClatchy*, 809 F.2d 885, 888 (D.C. Cir. 1987)).

5. This Order does not affect the rights of any party to object to discovery pursuant to the Federal Rules of Civil Procedure or other authority, nor is it intended to alter any burden of proof regarding the assertion of a privilege.

6. This Order is not a ruling on whether a particular document or category of information is discoverable or admissible.

7. This Order does not prohibit a party from seeking further protection by a Court-approved stipulation or applying to the Court directly.

8. This Order does not waive the right of the United States or USPS to use or disclose documents or information in accordance with the Privacy Act or other statutes, regulations, or policies.

9. The Department of Justice, the United States Attorney's Office, and USPS shall bear no responsibility or liability for any disclosure made pursuant to this Order.

## II. DISCLOSURE AND USE OF PRIVACY ACT MATERIAL

1. Documents and information designated by the United States as Privacy Act Material shall be used solely for the purpose of litigating the above-captioned action, including any appeals, and shall not be disclosed outside of discovery and court proceedings. The parties shall comply with the provisions of Federal Rule of Civil Procedure 5.2 and Local Rules 140 and 141 with respect to redactions of documents containing Privacy Act Material and any requests to file documents containing Privacy Act Material under seal.

2. After the final termination of this action, including appeals, counsel for the United States shall serve a written request to counsel for Plaintiff to (a) destroy or return to counsel for the United States all originals and any copies of Privacy Act Material; and (b) certify in writing that the provisions of this paragraph have been complied with. Counsel for Plaintiff shall comply with this request within 60 days of service. Notwithstanding this provision, counsel for Plaintiff is entitled to retain an archival copy of all pleadings; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; attorney work product; and consultant and expert work product, even if such materials contain Privacy Act Material. Any such archival copies that contain or constitute Privacy Act Material remain subject to this Order.

3. Nothing contained in this Order, nor any action taken in compliance with it, shall operate as an admission or assertion by any witness or person or entity producing documents that any particular document or information is, or is not, admissible in evidence.

4. Nothing herein constitutes or may be interpreted as a waiver by any party of the attorney-client privilege, the attorney work product privilege, or any other privilege.

Dated: October 17, 2019

McGREGOR W. SCOTT
United States Attorney

By: /s/ *Joseph B. Frueh*
JOSEPH B. FRUEH
Assistant United States Attorney

Attorneys for Defendant
UNITED STATES OF AMERICA

Dated: October 16, 2019

LAW OFFICE OF SYLVIA LOPEZ, APC

By: /s/ *Marcos Rodriguez* (authorized 10/16/2019)
MARCOS RODRIGUEZ
SYLVIA LOPEZ

Attorneys for Plaintiff
NICHOLAS ANGEL PEREZ

IT IS SO ORDERED.

Dated: **October 18, 2019**    **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE